IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RICHARD PERCEFULL                                                                                     PLAINTIFF

v.                         Civil No. 6:12-cv-06040

CHRIS CLAYBAKER, Mayor, Camden,
Arkansas; LIEUTENANT BAILY,
Malvern Police Department; GREGORY CRAIN,
Hot Spring County Public Defender; and
MAYOR NORTHCUTT, Malvern, Arkansas                                                 DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the undersigned for report and recommendation is the Plaintiff's motion for leave to appeal *in forma pauperis* (IFP) (Doc. 14). On August 1, 2012, United States District Judge Robert T. Dawson denied Plaintiff's application to proceed IFP and dismissed the lawsuit on the grounds that the claims asserted were frivolous, failed to state claims upon which relief could be granted, or were not cognizable. (Doc. 6).

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on March 21, 2012. He alleged that the Defendants conspired to plant evidence of, and offer false testimony about, a marijuana growing operation. State criminal charges were brought against the Plaintiff and he was convicted.

As was discussed in greater detail in the report and recommendation filed on June 11, 2012 (Doc. 6), all of the claims were subject to dismissal. First, no claim was stated against the Defendants with respect to their alleged perjured testimony. Witnesses at criminal proceedings are entitled to absolute immunity. *Briscoe v. LaHue*, 460 U.S. 325 (1983)(A witness at trial has

-1-

absolute immunity from suit under § 1983 for giving false testimony damaging to a subject of that testimony). Second, Plaintiff's claims that he was wrongfully convicted were not presently cognizable. *Heck v. Humphrey*, 512 U.S. 477 (1994). Third, Plaintiff could not seek relief in the form of release from imprisonment and reversal of his conviction in a civil rights case under § 1983. *See Preiser v. Rodriguez,* 411 U.S. 475, 489-90 (habeas corpus is exclusive remedy for state prisoner who challenges fact or duration of his confinement and seeks immediate or speedier release). Fourth, "defamation, per se, is not actionable under section 1983." *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981); *see also Wade v. Goodwin*, 843 F.2d 1150, 1152 (8th Cir. 1988)(A cause of action for damage to character or reputation is not cognizable under § 1983). Fifth, the "Constitution does not mention malicious prosecution nor do[es Plaintiff] cite a basis for a federal action for malicious prosecution." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). The Eighth Circuit has "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Id.* Finally, Plaintiff's claims against his public defender were subject to dismissal. *See Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999)("[C]onduct of counsel generally does not constitute action under color of law."); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980)("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim.").

Pursuant to 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." As all claims were clearly

frivolous failed to state a claim upon which relief could be granted or were not cognizable any appeal would not be taken in good faith. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

I therefore recommend that the motion for leave to appeal IFP be denied as the appeal is not taken in good faith, 28 U.S.C. § 1915(a)(3). I further recommend that the Clerk be directed to collect the $455 filing fee from Plaintiff pursuant to the terms of the Prison Litigation Reform Act. *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997)(Under PLRA, prisoners are responsible for filing fees from the moment the civil action or notice of appeal is filed). Plaintiff may, of course, renew his motion for leave to appeal IFP with the Court of Appeals for the Eighth Circuit. Fed. R. App. P. 24(a).

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of January 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE